IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - -x
                                :
In re:                          : Chapter 11
                                :
The IT Group, Inc.,             : Case No. 02-10118 (MFW)
    et al.,                     :
                                : Jointly Administered
            Debtors.            :
                                : **Related to Docket No. 86**
- - - - - - - - - - - - - - - -x

**BREAK-UP FEE ORDER**

This matter having come before the Court on the motion (the "Motion"),[1] dated January 25, 2002, of the above-captioned debtors and debtors-in-possession (the "Debtors"), for, inter alia, entry of an order: (a) approving the form and manner of notice of the Auction and the hearing on the sale of the Assets under the asset purchase agreement, dated as of January 23, 2002, by and among the Debtors and The Shaw Group Inc., as purchaser, or the successful bidder at the Auction; and (b) approving (i) the proposed bidding procedures for the Auction, and (ii) the proposed bidding protections, including the proposed Break-Up Fee and Expense Reimbursement (as defined in paragraph 5 below); and it appearing that

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

notice of the Motion was good and sufficient under the particular circumstances, and that no other or further notice need be given; and the Court having considered the arguments of counsel at the hearing held on February 12, 2002 with respect to the Break-Up Fee and Expense Reimbursement (as defined in paragraph 5 below); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and upon the record herein; and after due deliberation thereon; and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Except as expressly provided in paragraph 5 below, this Break-Up Fee Order shall address the break-up fee protections to be afforded The Shaw Group, Inc. ("Buyer") in connection with the Asset Purchase Agreement dated as of January 23, 2002, as amended (the "APA"). All issues related to the APA, the bid procedures relative to the APA, including any issues related to the propriety of proceeding with any sale of the assets of the Debtors, shall be addressed at the bid procedures hearing presently scheduled for March 7, 2002.

2. After entry of an order approving bidding procedures in connection with the APA (the "Bid Proce-

dures Order") and provided that Buyer is not in material default under the APA, Debtors, on the Closing Date (as defined below), shall pay Buyer or Buyer's Designee, as the case may be, the Break-Up Fee and Expense Reimbursement (as defined in paragraph 5 below) by wire transfer of immediately available funds to an account designated by Buyer or such designee if all of the following conditions have been satisfied: (a) the Court enters a sale order approving a Qualified Bid by a Qualified Bidder (as defined in the APA) other than Buyer, (b) Buyer terminates the APA on or after the Closing Date and (c) the occurrence of the closing date (the "Closing Date") of the transaction involving such Qualified Bid by a Qualified Bidder other than Buyer approved by the Court.

3. Upon the occurrence of any of the following events and provided that Buyer is not in material default under the APA, Debtors, no later than May 31, 2002 if termination occurs prior to such date, shall pay Buyer or Buyer's Designee, as the case may be, the Termination Fee (as defined in paragraph 5 below) by wire transfer of immediately available funds to an account designated by Buyer or such Designee:

(a) if any Debtor materially breaches this Agreement and, as a result thereof, Buyer terminates the APA;

(b) if (i) any or all of the Debtors abandon the Transaction (as defined in the APA) or pursue a Stand-Alone Plan (as defined in the APA) and, as a result thereof, Buyer terminates the APA;

(c) if the Buyer terminates the APA on or after May 1, 2002, and, notwithstanding the lack of another Qualified Bid and despite Debtors' compliance with the APA, including its obligation to pursue approval of the APA in good faith, the Sale Order and the Executory Contract Assumption and Assignment Order (as defined in the APA) have not been entered on or prior to April 30, 2002; or

(d) if (i) the Court enters a sale order approving a Qualified Bid by a Qualified Bidder other than Buyer, (ii) Buyer has not terminated the APA prior to entry of such sale order with respect to such Qualified Bid by a Qualified Bidder other than Buyer, and (iii) Buyer, after entry of such sale order but prior to the Closing Date, terminates the APA.

4. The Break-Up Fee and Expense Reimbursement and Termination Fee shall have administrative claim status in the Bankruptcy Cases pursuant to section 507(b) of the Bankruptcy Code, junior to the administrative expense claim of the DIP Lender and, except in the circumstance where the Sale Order approves the Buyer as the winning bidder, shall be in lieu of any other claim by Buyer against the Debtors in connection with the Transaction (as defined in the APA).

5. The Break-Up Fee and Expense Reimbursement shall be 3% of the transaction value, with a minimum Break-Up Fee and Expense Reimbursement of $4.8 million and a maximum Break-Up Fee and Expense Reimbursement of $6.0 million. The precise amount of the Break-Up Fee and Expense Reimbursement, based on the Court's findings as to the transaction value, shall be reserved for determination at the bid procedures hearing. The Termination Fee shall be the reasonable fees and expenses incurred by the Buyer in connection with the Transaction (as defined in the APA) plus $1,000,000.

6. Buyer shall notify Debtors and the Committee of its intent to exercise or delay the exercise of, waive and/or modify any termination right under the APA which would give rise to payment of the Break-Up Fee and Ex-

pense Reimbursement or the Termination Fee, no later than 7 days after notice to Buyer of the event that gives rise to the termination right. Any waiver of such termination right with respect to a particular event shall not preclude any other or further exercise of such right based on the occurrence of another event.

7. The APA shall be amended to reflect the break-up fee protections granted Buyer herein.

8. Except for the matters related to the Break-Up Fee and Expense Reimbursement and Termination Fee resolved herein, all parties reserve their rights to oppose or support any relief sought in these cases.

Dated: Wilmington, Delaware
February 12, 2002

<u>/s/ Mary F. Walrath</u>
The Honorable Mary F. Walrath
United States Bankruptcy Judge