UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| IT GROUP, INC., et al., | ) | Case No. 02-10118 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (A) DENYING IN PART AND GRANTING IN PART NORTHROP GRUMMAN TECHNICAL SERVICES, INC.'S AND WACKENHUT SERVICES, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY; (B) OVERRULING, IN PART, NORTHROP GRUMMAN TECHNICAL SERVICES, INC.'S AND WACKENHUT SERVICES, INC.'S OBJECTION TO DEBTORS' ASSUMPTION AND ASSIGNMENT OF CONTRACTS TO THE SHAW GROUP, INC.; AND GRANTING RELATED RELIEF**

AND NOW, this **20TH** day of **JUNE, 2002**, this matter having come before the Court on (A) Northrop Grumman Technical Services, Inc.'s and Wackenhut Services, Inc.'s Motion for an Order Granting Relief from the Automatic Stay (D.I. 277)(the "Stay Relief Motion"); (B) the motion, dated January 25, 2002 (the "Sale Motion")[1] of the above-captioned debtors and debtors-in-possession (the "Debtors"), for, <u>inter alia</u>, entry of an order (the "Sale Order") under 11 U.S.C. §§ 105(a), 363, 365 and 1146(c) and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 authorizing (i) the Debtors' sale (the "Sale") of substantially all of their Assets (as defined in the Agreement), free and clear of all mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, claims, judgments,

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Sale Motion or the Agreement, as the case may be.

demands, easements, charges, encumbrances, defects, options, rights of first refusal and restrictions of all kind (except those expressly assumed, pursuant to and as described in the asset purchase agreement, dated as of January 23, 2002, as amended by those certain amendments dated January 24, 2002, January 29, 2002 and on or about April 24, 2002 (the "Agreement"), between the Debtors and The Shaw Group, Inc. ("Shaw")), (ii) the Debtors' assumption and assignment to Shaw of certain executory contracts and unexpired leases (the "Assumed Contracts"), pursuant to and as described in the Agreement, free and clear of all Claims (as defined in paragraph 7 of the Sale Order), and (iii) the assumption by Shaw of certain liabilities of the Debtors (D.I. 86) (the "Sale Motion"); and (C) Northrop Grumman Technical Services, Inc.'s and Wackenhut Services, Inc.'s Objection to Debtors' Assumption and Assignment of Contracts to The Shaw Group, Inc. (D.I. 1158) (the "Sale Objection"); a hearing on the Stay Relief Motion having been held on March 7, 2002, March 26, 2002, April 10, 2002, April 19, 2002, April 24, 2002 and May 10, 2002; a hearing on the Sale Motion having been held on April 19, 2002, April 24, 2002, and April 25, 2002, and the Court having entered the Sale Order on April 25, 2002; a hearing on the Sale Objection having been held on May 10, 2002; the Court having reviewed and considered the Stay Relief Motion, the Sale Motion, the Sale Objection, the arguments of counsel and

the evidence proffered or adduced at the hearings on the Stay Relief Motion and the Sale Motion; it appearing that the relief sought in the Stay Relief Motion should be denied in part and granted in part and the Objection should be overruled in part; upon the record of the hearings and these cases; and after due deliberation; it is hereby

**FOUND, DETERMINED, ORDERED, ADJUDGED AND DECREED THAT:**[2]

1. Except as specifically set forth herein, the Sale Objection is OVERRULED.

2. Except as specifically set forth herein and notwithstanding any provisions of the Sale Order to the contrary therein, the Sale Order and the findings of fact and conclusions of law contained therein are incorporated herein in their entirety.

3. The limited liability company operating agreement (the "Membership Agreement") entered into by Northrop Grumman Technical Services, Inc. ("Northrop"), Wackenhut Services, Inc. ("Wackenhut") and IT Environmental and Facilities, Inc. ("ITEF") in connection with Space Gateway Support, LLC, a limited liability company formed under the laws of Delaware (the "LLC") for purposes of performing federal contract number NAS10-990001

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

(the "Contract") is an executory contract under section 365 of the Bankruptcy Code.

4. Pursuant to 11 U.S.C. § 365 and the provisions of the Sale Order (and notwithstanding any provisions of the Sale Order, applicable law, the LLC, the Membership Agreement or sections 365(c)(1)(a) and 365(e)(2)(a) of the Bankruptcy Code to the contrary), the Debtors' assumption and assignment to Shaw, and Shaw's assumption on the terms set forth in the Agreement, the Membership Agreement is hereby approved, and the requirements of 11 U.S.C. § 365(b)(1) with respect thereto are hereby deemed satisfied, provided, however, that:

a) Pursuant to 6 Del.C. §§ 18-702(a), 18-702(b)(1) and 18-702(b)(2), the Debtors' assumption and assignment of the Membership Agreement is limited to the Debtors' economic interest(s), as defined by 6 Del.C. § 18-702(b)(2), in the LLC (the "Economic Interest");

b) Pursuant to 6 Del.C. §§ 18-702(a) and 18-702(b)(1), other than the Debtors' Economic Interest, the Debtors cannot assume or assign any right or interest of the Debtors in the LLC or the Membership Agreement, including any right to participate in the management of the business and affairs of the LLC or any rights or powers of a member, which rights and interests are hereby deemed rejected;

c) Pursuant to Article 11 of the Membership Agreement, the Debtors' assumption and assignment to Shaw, and Shaw's assumption of the Debtors' Economic Interest is subject to the right of first refusal contained therein (the "Right of First Refusal"); and

d) Pursuant to the terms of the Agreement and as provided in Section 365(b) of the Bankruptcy Code, as soon as practicable after Debtors' assumption and assignment to Shaw becomes effective as set forth in paragraph 8 herein, Shaw shall satisfy all of the Debtors' obligations to cure defaults (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) and compensate for damages with respect to the Debtors' Economic Interest (the "Cure Claims"), provided, however, that any defaults under applicable law, the LLC, the Membership Agreement or the Contract, including without limitation, Article 4.10(a)(v) of the Membership Agreement and 6 Del.C. § 18-304(1)(b), arising from or in connection with the Debtors' filing of petitions for relief under chapter 11 of the Bankruptcy Code, are unenforceable and there is no obligation to cure any such defaults under section 365(b)(2) of the Bankruptcy Code, and further provided that nothing contained herein shall establish the amount of such Cure Claims, which shall be determined pursuant to paragraph 5 below.

5. In accordance with Article 11 of the Membership Agreement, the Debtors and Shaw shall promptly provide Northrop and Wackenhut with information regarding the allocation of the consideration paid by Shaw to the Debtors under the Agreement attributable to the Debtors' assumption and assignment to Shaw, and Shaw's assumption on the terms set forth in the Agreement, of the Debtors' Economic Interest (the "Allocated Consideration"). To the extent Northrop or Wackenhut dispute the appropriateness of the Allocated Consideration as to the value for the exercise of the Right of First Refusal (the "Exercise Price'), after appropriate discovery, the Court shall hold a hearing to determine the Exercise Price. To the extent there is a dispute regarding the amount of the Cure Claims, the Court shall determine them at the same hearing.

6. Nothing contained herein resolves the objections raised by Northrop and Wackenhut in the Sale Objection relating to the Debtors' assumption and assignment to Shaw, and Shaw's assumption of the Debtors' interest(s) in (a) Space Gateway Sys Portable (Project #832183); (b) Northrop Grumman-Semiannual (Project #795107); (c) Northrop-Pico Rivera-150 (Project #806163); and (d) Northrop-Hawthorne (Project #808582), all of which remain subject to further order of the Court.

7. The Stay Relief Motion is DENIED, in part and GRANTED, in part, solely to the extent necessary for Northrop and/or

6

Wackenhut to provide notice of its intent to exercise the Right of First Refusal and further provided that, notwithstanding anything to the contrary under applicable law, the LLC and/or the Membership Agreement, Northrop and/or Wackenhut must provide notice to Debtors' counsel and Shaw's counsel of its intent to exercise the Right of First Refusal (the "Notice") by no later than 30 days after the entry of an Order by this Court determining the Exercise Price (the "Exercise Deadline"). If the Notice is not timely given as set forth herein, Northrop and Wackenhut are hereby forever barred, estopped, and permanently enjoined from asserting against the Debtors, Shaw, or the property of either of them the Right of First Refusal in connection with the Debtors' assumption and assignment to Shaw, and Shaw's assumption of the Debtors' Economic Interest.

8. The Debtors' assumption and assignment to Shaw of the Membership Agreement shall become effective on the business day following the Exercise Deadline only if neither Northrop nor Wackenhut exercise the Right of First Refusal and shall not become effective if Northrop and/or Wackenhut timely exercise the Right of First Refusal as set forth in paragraph 7 above.

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge

7