IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - x
                            :
In re:                      : Chapter 11
                            :
THE IT GROUP, INC.,         : Case No. 02-10118 (MFW)
    et al.,                 :
                            : Jointly Administered
         Debtors.           :
                            : Related to Docket No. 1888
- - - - - - - - - - - - - - x

## ORDER UNDER 11 U.S.C. §§ 105(a) AND 363(b)(1) AUTHORIZING IMPLEMENTATION OF KEY EMPLOYEE SEVERANCE/RETENTION PLAN TO CERTAIN KEY EMPLOYEES

This matter having come before the Court on the motion, dated July 26, 2002 (the "Motion")[1], of IT Group, Inc. ("IT Group") and certain of its subsidiaries and affiliates (the "Affiliate Debtors"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 105(a) and 363(b)(1) authorizing the implementation of key employee severance/retention program; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and after consideration of the objection filed by the Official Committee of Unse-

---

[1] Capitalized terms not defined herein are used as defined in the Motion.

cured Creditors (the "Committee"); and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT

1. The Motion is hereby GRANTED in part.

2. The hearing regarding Severance/Retention Payments to the Tier One Employee, Harry Soose, is adjourned until the August 29, 2002 hearing at 10:30 a.m. The Debtors and the Committee reserve all rights regarding Severance/Retention Payments to the Tier One Employee.

3. The Severance/Retention Program is approved with respect to all Key Employees other than the Tier One employee, Harry Soose, and the Debtors are authorized to take all necessary actions to implement the Severance/Retention Program with respect to all Key Employees in Tier Two and Tier Three. Under the Severance/Retention Program, all Tier Two and Tier Three Key Employees will be eligible for a Severance/Retention Payment if the employee remains actively employed by the Debtors through and including the earlier of (i) such

employees' separation date[2] or (ii) the effective date of a chapter 11 plan or plan(s) in the Debtors' cases.

4. Any Key Employee in Tier Two and Tier Three who voluntarily leaves the Debtors' employment or is terminated for cause shall forfeit such employee's right to future payment under the Severance/Retention Program. Any amounts that would have otherwise been payable to a Key Employee in Tier Two and Tier Three under the Severance/Retention Program, but are not paid due to such Key Employee's voluntary resignation or termination for cause, shall be returned to the Debtors' estates and available for distribution to the Debtors' secured and unsecured creditors.

5. By accepting the Severance/Retention Payment, each Key Employee in Tier Two and Tier Three shall be deemed to have waived all claims against the Debtors under any prepetition employment agreement or policy existing between one or more of the Debtors and the Key Employee; provided, however, each Key Employee retains the right to assert claims, if any, against the

---

[2] The separation date shall be the date that the Board of Directors of IT Group, in consultation with the Committee, believe that the services of a Key Employee are no longer required and such employee is terminated by the Debtors without cause.

3

Debtors for indemnification and contribution under the Debtors' by-laws, insurance or under applicable law. Key Employees in Tier Two and Tier Three shall not be eligible for (i) any payments under any other severance or retention programs offered by the Debtors (except that the Key Employees are entitled to payment by separate order of the Court of accrued, unpaid vacation pay ("PTO") to the extent not already paid); (ii) outplacement services (with the exception of two Key Employees whose Severance/Retention Payments will go directly towards outplacement services, as opposed to a cash payment, as set forth more fully in the Motion); and (iii) the continuation of any employee benefits post-termination.

Date: Wilmington, Delaware
August 20, 2002

Honorable Mary F. Walrath
United States Bankruptcy Judge